1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  CHINHAYI COLEMAN CADET (CABN 194542)
   Assistant United States Attorney
5
      450 Golden Gate Ave., Box 36055
6     San Francisco, California 94102
      Telephone:  (415) 436-7205
7     Fax: (415) 436-7234
      E-Mail:  chinhayi.cadet@usdoj.gov
8

9  Attorneys for the United States of America

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,          )   No.  CR 10-0376 JSW
                                       )
14          Plaintiff,                 )   U.S. SENTENCING MEMORANDUM
                                       )
15       v.                            )   Date:   October 25, 2012
                                       )   Time:  2:00 p.m.
16  VICTORIA VANLAANEN,                )   Judge:  Honorable Jeffrey S. White
                                       )
17          Defendant.                 )
                                       )
18  _____   )
                                       )
19

20

21

22

23

24

25

26

27

28

U.S. SENTENCING MEMORANDUM
CR 10-0376 JSW

I.    **INTRODUCTION**

   A.    **Indictment**

On May 6, 2010, a three count Indictment was filed charging Defendants Victoria Vanlaanen, James Edmonds, Yuri Lambert, and Oshan Cook with Conspiracy to Distribute MDMA (Count One) and Possession with the Intent to Distribute MDMA (Counts Two and Three).  The first two counts of the Indictment were alleged against all defendants.  Only Defendant Cook was named in Count Three.

On August 26, 2010, the Grand Jury returned a five-count Superceding Indictment against the defendants.  In the Superceding Indictment, defendant Victoria Vanlaanen is charged with a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) – Conspiracy to Possess with Intent to Distribute and to Distribute MDMA (Count One), a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) – Possession with Intent to Distribute MDMA (Count Two).

   B.    **Defendant's Guilty Plea**

On April 4, 2012, Vanlaanen pled guilty to Count One of the Superseding Indictment charging her with conspiracy to possess with intent to distribute and to distribute MDMA, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a).  Defendant and the government entered into a plea agreement pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure.  In Paragraph 2 of the plea agreement, the defendant admitted that from March 2010, through April 22, 2010, she knowingly and intentionally conspired with other persons to possess with the intent to distribute and to distribute MDMA. She admitted that she became a member of the conspiracy knowing at least one of its objects and intending to accomplish it.  She admitted that, in March 2010, she provided an individual with a sample of MDMA, and informed the individual that she could broker a deal for the individual to purchase MDMA.  She admitted that, on April 21, 2010, she introduced this individual to a co-conspirator who agreed to provide the MDMA to the individual in exchange for approximately $18,000 per pound.  She admitted that, on April 22, 2010, she participated in a meeting between

U.S. SENTENCING MEMORANDUM
CR 10-0376 JSW

1   the individual and a co-conspirator in which the co-conspirator delivered 839.3 grams of MDMA

2   to the individual who had agreed to pay approximately $18,000 per pound.  She agreed and

3   stipulated that the total amount of MDMA attributable to her for purposes of relevant conduct is

4   839.3 grams (which is the equivalent of 420 kilograms of marijuana under the Sentencing

5   Guidelines Drug Equivalency Table).

6

7   **II.   SENTENCING GUIDELINES CALCULATIONS**

8          Given the Base Offense Level of 28 (U.S.S.G. §2D1.1(a)(5)), minus three points for

9   acceptance of responsibility (U.S.S.G. §3E1.1), minus a two-level reduction for role in the

10   offense, Defendant's Total Offense Level is 23.  The plea agreement provides that the defendant

11   may be eligible for an additional two-point reduction for safety valve "if Probation finds that

12   [Vanlaanen meets] the requirements of U.S.S.G. §5C1.2(a)(1)-(4) and the Government finds that

13   [Vanlaanen has] truthfully debriefed with them within the meaning of 5C1.2(a)(1)(5)."  (Plea

14   Agreement, 4:25 - 5:1)  As of the date of the writing of this Sentencing Memorandum,

15   Vanlannen has not participated in a safety valve debrief meeting.  Consequently, as of the time of

16   this writing, Vanlaanen is not presently eligible for a two-point safety valve reduction.  The

17   government will advise the Court at the sentencing hearing if the defendant participates in a

18   debriefing session after the writing of this memorandum.

19          The United States Probation Office ("USPO") has calculated Defendant's Total Offense

20   Level as 21 and her Criminal History Category as I, with a resulting sentencing range of 37 to 46

21   months.  (Presentence Report, ¶ 68)  This calculation, however, assumes compliance with the

22   safety valve debriefing requirement, which has not been fulfilled.  Given that Defendant's total

23   offense level is 23 and her Criminal History Category is I, her resulting sentencing range is

24   actually 46 to 57 months.

25          Although the USPO has recommended a 24 month sentence, the government believes that

26   a sentence at the low end of the applicable Guidelines range is more appropriate, given the facts

27   and circumstances of this case.  Vanlaanen acted as a broker in the transaction charged in Count

28   U.S. SENTENCING MEMORANDUM
CR 10-0376 JSW

One of the Superceding Indictment – she introduced the DEA undercover agent to the MDMA sources (co-defendants Yuri Lambert and James Edmonds), and she facilitated the drug deal by accompanying the undercover agent to both the meeting at which the parties negotiated the drug deal and the meeting the following day at which co-defendant Edmonds revealed the drugs to the agent.

## III.   STATUTORY SENTENCING FACTORS

### A.   The Sentencing Guidelines Post-*Booker*

Under the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220 (2005), this Court must analyze and consider the guideline factors before imposing sentences in federal criminal cases.  *Booker*, 543 U.S. at 259 (noting that the Sentencing Reform Act "nonetheless requires judges to take account of the Guidelines together with other sentencing goals"); *see also United States v. Cantrell*, 433 F.3d 1296, 1279 (9th Cir. 2006)(noting that the "[c]ontinuing duty of district courts to consult the Guidelines is statutory").  This Court, having calculated the guideline range, should then look to the factors set forth by Congress in 18 U.S.C. § 3553(a) to determine a reasonable sentence for Defendant.

### B.   Consideration of the 3553 Factors

Defendant's personal history and characteristics demonstrate the appropriateness of a 46 month sentence.  A sentence at the low end of the Guidelines is a reasonable and appropriate disposition in this case, as Vanlaanen acted as a broker in the transaction charged in Count One of the Superceding Indictment.  Mitigating factors have been taken into account and are reflected in the two-level minor role reduction.  No further reduction is warranted.

A low end sentence would also avoid unwarranted sentencing disparities among the defendants in this case.  Like Vanlaanen, co-defendant Lambert acted as a broker of this drug deal.  Lambert was sentenced to 63 months.  Co-defendant Edmonds, who engaged in extraordinary acceptance of responsibility, was also sentenced to 63 months.

U.S. SENTENCING MEMORANDUM
CR 10-0376 JSW

IV.   **REMAND**

Although Vanlaanen was subject to remand at her change of plea hearing on April 5, 2012, the Court found that exceptional circumstances existed at the time of the change of plea hearing, given Vanlaanen's participation in mental health treatment and her representation that she had not prepared to be remanded on the date of the change of plea hearing.  In ruling that exceptional circumstances existed at the time of the change of plea hearing, the Court admonished Vanlaanen to be prepared for the possibility of remand at her sentencing hearing. Remand of the defendant is mandatory under the provisions of Title 18, United States Code Section 3143(a)(2), and the United States believes that any exceptional circumstances mitigating against Vanlaanen's remand at the change of plea hearing over 6 months ago are no longer applicable.  Consequently, the United States requests that Defendant Victoria Vanlaanen be remanded into custody at the completion of her sentencing hearing.

V.   **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court, taking into consideration the Sentencing Guidelines and the factors set forth in Section 3553(a), sentence Defendant Victoria Vanlaanen to 46 months of imprisonment, 3 years of supervised release, and a $100 special assessment.  The United States further requests that Defendant Victoria Vanlaanen be remanded into the custody of the United States Marshal at the completion of her sentencing hearing.

DATED:  October 18, 2012                Respectfully submitted,

MELINDA HAAG
United States Attorney


_____/s/_____
CHINHAYI COLEMAN CADET
Assistant United States Attorney

U.S. SENTENCING MEMORANDUM
CR 10-0376 JSW

4